UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL RYAN GRIFFIN,

          Petitioner,

   v.

RONALD HAYNES,

          Respondent.

Case No. C22-5118-JHC-MLP

ORDER

Petitioner Daniel Ryan Griffin, proceeding *pro se*, is currently incarcerated at the Stafford Creek Corrections Center ("SCCC") in Aberdeen, Washington. On April 8, 2022, this Court directed service of Petitioner's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. # 6.) Currently before the Court are: (1) Petitioner's motion requesting legal resources ("Petitioner's Motion") (dkt. # 8); and (2) Respondent's motion for an extension of time to file the answer ("Respondent's Motion") (dkt. # 9). The Court will address the parties' motions in turn:

    **A.**    **Motion Requesting Legal Resources**

Per Petitioner's Motion, Petitioner requests that the Court provide him legal assistance with researching and writing a reply once Respondent's answer is filed. (Dkt. # 8 at 1.)

ORDER - 1

Specifically, Petitioner requests: (1) access to the SCCC law library despite its closure due to a facility-wide COVID-19 quarantine at SCCC; (2) that he be issued an in-cell legal computer; or (3) that he be appointed counsel. (*Id.* at 2.) Petitioner's Motion further opposes any extension of time. (*Id.* at 5-6.)

The Court is not able to assist Petitioner with his legal research nor his preparation of his reply to Respondent's answer. Despite Petitioner's opposition, the Court is only able to grant Petitioner additional time to conduct and prepare his legal filings due to his limited law library access while SCCC remains in COVID-19 quarantine protocols. The Court further notes that Respondent's answer remains unfiled at this time, and that Respondent has sought an extension of time to file his answer. Petitioner has also not filed and properly noted a motion to appoint counsel for this Court's consideration.

Therefore, the Court finds that Petitioner's limited access to legal resources is best addressed through an extension of time, which the Court considers below.

### B.     Motion for Extension of Time

Respondent's Motion requests an extension of time to June 22, 2022, to file an answer. (Dkt. # 9 at 2.) Respondent notes that he has received all state court records, but due to competing deadlines and staffing issues, requests a 30-day extension of time to finalize the answer. (*Id.*) Respondent's answer was previously due on May 23, 2022. (*See* dkt. # 6 at 1-2.)

Petitioner filed a response opposing any requested extension because it would prejudice him by prolonging his time in prison and "effectively grant partial summary judgment in my opponent's favor." (Dkt. # 10 at 1-2, 4.) Petitioner further contends that Respondent has failed to provide any unusual or extenuating circumstances that would justify an extension of time. (*Id.* at 3-4.)

ORDER - 2

1   Here, the Court finds that a brief extension of time is warranted due to Respondent's
2   workload constraints, and as noted above, Petitioner's limited law library access. However, any
3   additional requests for an extension of time from Respondent will require specific documentation
4   of Respondent's workload constraints and staffing issues to demonstrate good cause for such an
5   extension.

6   Accordingly, this Court hereby ORDERS:

7   (1)   Petitioner's Motion (dkt. # 8) is DENIED;

8   (2)   Respondent's Motion (dkt. # 9) is GRANTED. Respondent is directed to file his
9   answer not later than **June 22, 2022**; and

10  (3)   The Clerk is directed to send copies of this Order to the parties and to the
11  Honorable John H. Chun.

12  Dated this 26th day of May, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 3