UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL RYAN GRIFFIN,

                    Petitioner,

          v.

RONALD HAYNES,

                    Respondent.

Case No. C22-5118-JHC-MLP

ORDER

Petitioner Daniel Ryan Griffin, proceeding *pro se*, is currently incarcerated at the Stafford Creek Corrections Center ("SCCC") in Aberdeen, Washington. On April 8, 2022, this Court directed service of Petitioner's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. # 6.) On June 22, 2022, Respondent filed an answer and memorandum of authorities to Petitioner's habeas petition ("Respondent's Answer"). (Dkt. # 12.) Currently before the Court are: (1) Petitioner's "Motion for Appointment of Counsel at Respondent's Expense" ("Motion for Counsel") (dkt. # 16); and (2) Petitioner's motion for extension of time ("Extension Motion") (dkt. # 17). Respondent has filed a response to both of Petitioner's motions. (Dkt. # 19.)

The Court will address Petitioner's Motions in turn:

1

### A.    Motion for Appointment of Counsel

2    Per Petitioner's Motion for Counsel, Petitioner requests that he be appointed counsel

3  based on the SCCC's failure to provide him regular law library access or legal resources during

4  recent facility-wide quarantines. (Dkt. # 16 at 1-2.) Petitioner additionally argues that he is not

5  capable of competently representing himself and that any additional grant of extension of time to

6  allow him to represent himself would be prejudicial.[1] (*Id.* at 3, 5.)

7    There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254

8  unless an evidentiary hearing is required. *See Terravona v. Kincheloe*, 852 F.2d 424, 429 (9th

9  Cir. 1988); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing

10 Section 2254 Cases in the United States District Courts 6(a) and 8(c). The Court may request an

11 attorney to represent indigent civil litigants under 28 U.S.C. § 1915(e)(1) but should do so only

12 under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103

13 (9th Cir. 2004). "A finding of exceptional circumstances requires an evaluation of both the

14 likelihood of success on the merits and the ability of the [petitioner] to articulate his claims *pro*

15 *se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328,

16 1331 (9th Cir. 1986). These factors must be viewed together before reaching a decision on a

17 request for counsel under § 1915(e)(1). *Id.* In addition, the Court may exercise its discretion to

18 appoint counsel for a financially eligible individual where the "interests of justice so require." 18

19 U.S.C. § 3006A.

20    Here, the record is not yet sufficiently developed for the Court to determine whether an

21 evidentiary hearing will be required. Furthermore, Petitioner has not demonstrated that

22

23

---

[1] However, in a subsequent addendum to his Motion for Counsel, Petitioner acknowledges he will require an extension of time if not appointed counsel. (Dkt. # 16 at 16-17.) To that end, Petitioner has alternatively moved for an extension of time in a separate filing. (*See* dkt. # 17).

ORDER - 2

exceptional circumstances exist. Petitioner fails to demonstrate that his case is legally or factually complex. Instead, Petitioner specifically acknowledges in his Extension Motion that he believes he needs "76 hours of research time" to adequately respond to Respondent's Answer and that he can "easily conduct this much research" if granted an extension of time and outlines how he intends to attack a portion of Respondent's Answer. (Dkt. # 17 at 4-5.) It is also clear from Petitioner's various filings to this point that he is capable of clearly articulating his claims and arguments *pro se*. (*See* dkt. ## 5, 8, 10, 16-17.)

As for Petitioner's likelihood of success on the merits, Petitioner's Motion fails to make any argument or showing demonstrating that he is likely to prevail on the merits of his habeas petition or that the "interests of justice" are best served by appointment of counsel. Finally, regarding Petitioner's concerns as to his law library and legal resource access, as noted in this Court's prior Order, such concerns are best addressed through an extension of time (*see* dkt. # 11 at 2), which the Court considers below. Based on the foregoing, the Court denies Petitioner's Motion for Counsel.

### B.    Motion for Extension of Time

Petitioner's Extension Motion requests a six-month extension of time to file a response to Respondent's Answer. (Dkt. # 17 at 1.) Petitioner estimates that he will need such a length of time to adequately conduct the necessary research in light of his intermittent law library access at the SCCC. (*Id*. at 2-5.) In the alternative, Petitioner requests that be released to home confinement and entrusted with a portable law library. (*Id.* at 5-6.) Respondent does not oppose Petitioner's extension request. (Dkt. # 19 at 1, 5.)

Petitioner has additionally submitted a "Motion to Reject Respondent's Answer and Memorandum of Authorities" ("Motion to Reject").[2] (Dkt. # 21.) Within this submission, Petitioner contends that Respondent's Answer contains several substantive errors and deficiencies that make it an invalid answer, and therefore, requests that a corrected answer be filed. (*Id.* at 1-2, 14-15.) Petitioner further requests that Respondent's counsel be removed from this case and that he be referred for disciplinary action. (*Id.* at 15.)

Here, given Respondents' lack of opposition to Petitioner's extension request and Petitioner's irregular access to the law library and legal resources at the SCCC because of COVID-19, the Court finds that a three-month extension of time to file a response to Respondent's Answer is appropriate. Petitioner is free to move for another extension of time to file his response at a later time should he require any additional time to prepare his response.

As to Petitioner's complaints regarding Respondent's answer, the Court observes that pursuant to Rule 5(b) of Rules Governing Section 2254 Cases in the United States District Courts, an answer need only address the allegations in the habeas petition, and state whether any claim is barred by a failure to exhaust state court remedies, a procedural bar, non-retroactivity, or an applicable statute of limitations. Respondent's Answer clearly does so. (*See* dkt. # 12.) As such, the Court declines to take any further action on Petitioner's Motion to Reject. Petitioner is advised that he may identify any perceived issues or errors with Respondent's Answer in his forthcoming response to Respondent's Answer, and he may provide argument therein supporting his grounds for federal habeas relief and countering the argument contained in Respondent's Answer addressing those grounds.

---

[2] Petitioner's submission was not noted as a motion for this Court's review. (*See* dkt. # 21.)

ORDER - 4

Accordingly, this Court hereby ORDERS:

(1)     Petitioner's Motion for Counsel (dkt. # 16) is DENIED;

(2)     Petitioner's Extension Motion (dkt. # 17) is GRANTED. Petitioner shall file a response to Respondent's Answer not later than **October 3, 2022**. Petitioner may request an additional extension of time to file his response before that time if necessary; and

(3)     The Clerk is directed to RE-NOTE Respondent's Answer (dkt. # 12) for this Court's consideration on **October 7, 2022**. The Clerk is further directed to send copies of this Order to the parties and to the Honorable John H. Chun.

Dated this 11th day of July, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 5