UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL RYAN GRIFFIN,

          Petitioner,

   v.

RONALD HAYNES,

          Respondent.

Case No. C22-5118-JHC-MLP

ORDER

      Petitioner Daniel Ryan Griffin, proceeding *pro se*, is currently incarcerated at the Stafford Creek Corrections Center ("SCCC") in Aberdeen, Washington. On April 8, 2022, this Court directed service of Petitioner's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. # 6.) On June 22, 2022, Respondent filed an answer and memorandum of authorities to Petitioner's habeas petition ("Respondent's Answer") (dkt. # 12) and submitted the State Court Record (dkt. ## 13-15). Currently before the Court is Petitioner's "Motion to Compel Completion of Initial Record" ("Petitioner's Motion"). (Dkt. # 20.) Respondent has filed a response (dkt. # 24), and Petitioner has filed a reply (dkt. # 25).[1]

---

[1] Petitioner's Motion notes that he did not receive a copy of Exhibit 4 of Respondent's State Court Record. (Dkt. # 20 at 3.) Upon review of the exhibits filed, Respondent discovered Exhibit 4 was omitted from the State Court Record and has now submitted a praecipe correcting that error. (*See* dkt. # 23.)

ORDER - 1

1       Per his Motion, Petitioner argues Respondent's Answer is deficient because Respondent

2 failed to comply with Rule 5(c) of the Rules Governing § 2254 Cases in the United States

3 District Courts ("Habeas Rule 5") requiring Respondent to submit a list of all available

4 transcripts and of proceedings which were recorded, but not yet transcribed. (Dkt. # 20 at 1-2.)

5 Specifically, by way of example, Petitioner contends the State Court Record remains incomplete

6 because Respondent failed to provide a transcript of a state court hearing held on February 29,

7 2016, and to list an oral argument from a Washington Court of Appeals hearing as a matter

8 recorded but not transcribed. (*Id.* at 2, 4-5.) Petitioner requests that Respondent be compelled to

9 file an exhaustive list of available transcripts, a list of proceedings recorded but not yet

10 transcribed, and to additionally file and serve copies of state court docket sheets showing all

11 motions and pleadings filed in the state courts. (*Id.* at 2-3.)

12       Respondent counters that Petitioner fails to demonstrate a legitimate need or entitlement

13 to his requested relief because Habeas Rule 5(c) does not require the filing of "a complete

14 record," but only that Respondent provide relevant transcripts and identify other available

15 transcripts. (Dkt. # 24 at 2-3.) To that end, Respondent avers that he has provided all relevant

16 transcripts in his submission of the State Court Record. (*Id.* at 3.) Respondent additionally claims

17 that he did not identify any other available transcripts because he does not believe any other

18 transcripts exist which have not already been provided, and that any existing recordings are not

19 Habeas Rule 5(c) matters that require Respondent to note as available or not. (*Id.*) Finally,

20 Respondent argues that contemporaneous filings submitted with his response, including a copy

21 of the docket sheets from the state trial and appellate courts and a praecipe correcting an

22 omission from the State Court Record, have also mooted Petitioner's requests. (*Id.* at 4.)

23

ORDER - 2

Habeas Rule 5(c) requires a respondent to indicate in the answer what "transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded, but not transcribed." Rules Governing § 2254 Cases, Rule 5(c); *see also Branch v. Butler*, 45 F. App'x. 605, 605-06 (9th Cir. 2002). Habeas Rule 5(c) further requires that a respondent attach to his answer only parts of the transcript that respondent considers *relevant* in addressing petitioner's habeas petition. *Id.* (emphasis added). Under Habeas Rule 5(c), the Court may order that respondent furnish other parts of existing transcripts, that parts of untranscribed recordings be transcribed and furnished, or that a narrative summary of the evidence be provided if the transcript cannot be obtained. *Id.*

Here, pursuant to Habeas Rule 5(c), Respondent is only required to produce transcripts of pretrial, trial, sentencing, or post-conviction proceedings that Respondent considers *relevant* in addressing Petitioner's habeas petition. Respondent's submission of the State Court Record complies with such requirement. (*See* dkt. ## 13-15.) Despite Petitioner's contention that Respondent failed to provide a transcript of a state court hearing held on February 29, 2016, Respondent correctly notes that such transcript was included in his State Court Record submission. (Dkt. # 24 at 3 (citing dkt. # 13-3, Ex. 21 at 52-67).)

Respondent further claims he did not identify any other available transcripts with his Answer because he does not believe that any other transcripts exist which have not already been provided. (*See* dkt. # 24 at 3.) On this issue, the Court is satisfied with Respondent's representation that he has provided all available transcripts with his submission of the State Court Record. To the extent Petitioner requests that any other specific items be identified as available to be produced (*see* dkt. # 25 at 3), Petitioner fails to explain the relevance and/or necessity of the records he is requesting for the resolution of his habeas claims. *See McCray v.*

ORDER - 3

1 | *Anderson*, 2021 WL 2940837, at *4 (S.D.N.Y. July 12, 2021); *Saunders v. Comm'r of Dep't of*
2 | *Corr.*, 2015 WL 893395, at *2 (D. Conn. Feb. 27, 2015) ("Because the petitioner has not
3 | demonstrated that any relevant portions of trial or habeas transcripts have not been submitted to
4 | the Court, the motion seeking an order that the respondent submit trial and habeas transcripts is
5 | denied."). Respondent has also conceded that Petitioner's habeas claims are exhausted on the
6 | current State Court Record, and therefore, additional records are not required to resolve this
7 | issue. (*See* dkt. # 24 at 1, 4.) Likewise, it appears clear that additional records are not required to
8 | resolve Petitioner's federal habeas claims, which rest entirely on issues of law: three of
9 | Petitioner's claims are facial challenges to RCW 9A.76.180, Washington's Communicating with
10 | a Minor for Immoral Purposes statute, and his fourth claim challenges Washington's harmless
11 | error doctrine. (*See* Pet. (dkt. # 5) at 7-14.)
12 |       However, Petitioner notes the existence of a recording of an oral argument presented in
13 | the Washington Court of Appeals, which Petitioner claims is important to address his habeas
14 | claim regarding Washington's harmless error doctrine. (*See* dkt. # 20 at 2, 5.) Per Respondent's
15 | State Court submission, it does not appear that Respondent indicated that this proceeding was
16 | recorded but not yet transcribed. (*See* dkt. # 13 at 1-3.) The plain language of Habeas Rule 5(c)
17 | requires that Respondent's Answer indicate what proceedings have been recorded, but not
18 | transcribed. Therefore, pursuant to Habeas Rule 5(c), Respondent is ordered to supplement the
19 | State Court Record to provide Petitioner a list indicating what proceedings have been recorded
20 | but not yet transcribed.
21 |       Finally, Petitioner fails to demonstrate how Habeas Rule 5(c) requires Respondent to
22 | furnish a list of motions or pleadings filed in the state courts, nor has he articulated how such a
23 | list would be relevant to a determination of his habeas claims. Nevertheless, Respondent has

ORDER - 4

included Petitioner's requested list of motions and pleadings as an attachment to his Response. (*See* dkt. # 24-1.)

Based on the foregoing, Petitioner's Motion (dkt. # 20) is GRANTED in part and DENIED in part. Specifically, pursuant to Habeas Rule 5(c), Respondent is ordered to supplement the State Court Record with a list indicating what proceedings have been recorded but not yet transcribed by **August 5, 2022**. Petitioner's Motion is denied in all other respects.

The Clerk is directed to send copies of this Order to the parties and to the Honorable John H. Chun.

Dated this 26th day of July, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 5